UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SONNIE BAZOR, ON BEHALF OF<br>HER NATURAL MINOR CHILDREN,<br>TYLER NICOLE LANTIER and<br>JAMIE LYNN LANTIER | * | CIVIL ACTION |
| VERSUS | * | NO. 06-7536 |
| GRASSO PRODUCTION MANAGEMENT,<br>INC., ET AL. | * | SECTION: "L" (1) |

**ORDER & REASONS**

Before the Court is the Houston Exploration Company's ("HEC") Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint, or Alternatively, Rule 12(e) Motion for More Definite Statement (Rec. Doc. 5). For the following reasons, HEC's motion is DENIED.

This case arises out of the disappearance of a helicopter and the death of one of its passengers. On October 6, 2005, Bryan Keith Lantier was traveling from a fixed platform in the Gulf of Mexico by helicopter when the helicopter allegedly crashed in navigable waters more than twelve miles off the coast of Louisiana, killing Mr. Lantier and the pilot. The decedents's ex-wife, Sonnie Bazor, has filed suit on behalf of the decedent's natural minor children and seeks relief under the Death on the High Seas Act, 46 U.S.C. § 761, *et seq.*, the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51, *et seq.*, and the general maritime law. In addition to suing the owner and manufacturer of the helicopter (among others), the Plaintiff has also named HEC, the owner or operator of the platform from which the helicopter last departed. HEC now moves to dismiss the Plaintiffs' claims against it pursuant to Rule 12(b)(6) of the

*Federal Rules of Civil Procdure*.

"The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must construe the complaint liberally in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

The Court finds that dismissal of the Plaintiffs' claims against HEC would be premature at this stage of the litigation.  While discovery may ultimately reveal that HEC breached no duty of care in this case, the Court cannot conclude that no set of proven facts would entitle the Plaintiffs to relief.  Accordingly, IT IS ORDERED that HEC's motion is DENIED.

New Orleans, Louisiana, this  21st  day of  February , 2007.

_____
UNITED STATES DISTRICT JUDGE