UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**SONNY BAZOR, et al**                              **CIVIL ACTION**

**VERSUS**                                          **NO:  06-7536-EEF-SS**

**GRASSO PRODUCTION
MANAGEMENT, INC., et al**

### ORDER

INDUSTRIAL HELICOPTERS' MOTION TO QUASH NOTICE OF SCHEDULING DEPOSITIONS OF ITS PILOTS (Rec. doc. 33)

**GRANTED IN PART AND DENIED IN PART**

On October 6, 2005, a helicopter operated by the defendant, Industrial Helicopters, Inc. ("Industrial Helicopters"), disappeared under unknown circumstances while operating in the Gulf of Mexico.  The helicopter was last seen when it departed the Vermillion 408 platform.  It is believed that it was destined for the Vermillion 369 platform, about 100 miles off the Louisiana coast, to pick up the only two remaining people located on that platform, Bryan Lantier and Michael Abney, and transport them to defendant's base near Scott, Louisiana.  The helicopter, its pilot (James Goldthorpe), and the two platform workers all disappeared.  No direct evidence is available from which it may be determined what have happened to the helicopter, the pilot and the two workers. It is reasonable to infer that with the disappearance of the two platform workers and in the absence of any other explanation, the two men were picked up by the helicopter and all were lost somewhere between the Vermillion 369 platform and Scott, Louisiana.  The plaintiffs report that after Industrial

Helicopters determined the helicopter was missing, it sent every available aircraft offshore to search for the helicopter and any survivors.

The natural children of Bryan Lantier filed a complaint against Industrial Helicopters and other defendants. Rec. doc. 1. In related litigation in state court in Texas, the following representatives of Industrial Helicopters were deposed: (1) Joseph Richard, president; (2) Raywood Mouton, director of maintenance; and (3) Vester Thompson, director of operations. They were deposed on company procedures, the circumstances of the helicopter's disappearance, the search and rescue operations and other topics.

The plaintiffs noticed the depositions of eight pilots for Industrial Helicopters. None of them were mentioned in the depositions of Richard and Mouton. Thompson mentioned seven of the eight in response to a question on the names of the pilots employed by Industrial Helicopters at the time of the accident. The plaintiffs contend that at least six or seven of the pilots flew search and rescue for the missing helicopter. They urge that the pilots possess information on: (1) Industrial Helicopters' communications during and after the search efforts ; (2) location of these efforts; (3) Industrial Helicopters' policies and procedures; (4) the ability of the pilot, Goldthorpe; and (4) the operation and maintenance of the helicopter prior to the accident. Industrial Helicopters urges that the pilots do not possess information relevant to the parties' claims and defenses. This is disputed by the plaintiffs. For example, they contend that the helicopter went down further than twelve miles from shore while Industrial Helicopters will urge the helicopter went down within the twelve mile limit. Plaintiffs contend that, if the helicopter went down beyond the twelve mile limit, they may recover non-pecuniary damages.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments. Where good cause is present, the court may expand the scope of discovery to include discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1).

The circumstances of the action are unusual. The helicopter, its pilot and the two men on the platform were lost without a trace. Industrial Helicopters' search and rescue efforts are relevant to the plaintiffs' claims. Six or seven of the pilots may have participated in those efforts and possess information on those efforts. There is no basis to depose the pilots who did not participate in the search and rescue efforts and, to the extent these pilots possess information on subjects like company procedures, there testimony is redundant and cumulative.

The depositions of eight pilots were noticed. Industrial Helicopters shall produce those pilots who participated in the search and rescue efforts. Its motion to quash is granted as to any of the eight pilots that did not participate in the search and rescue efforts.

IT IS ORDERED that the motion of Industrial Helicopters to quash notice of depositions (Rec. doc. 33) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 25th day of May, 2007.

                                        **SALLY SHUSHAN**
                                  **United States Magistrate Judge**